IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus Martin, #299118, | ) | C/A No.: 1:14-4278-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Marcus Martin ("Petitioner") is an inmate at the McCormick Correctional
Institution of the South Carolina Department of Corrections who filed this pro se petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court
pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report
and Recommendation on the following motions: (1) Respondent's motion for summary
judgment and return [ECF Nos. 23, 24]; and (2) Petitioner's motion for summary judgment
[ECF No. 27]. The motions having been fully briefed, they are ripe for disposition.

Having carefully considered the parties' submissions and the record in this case, the
undersigned recommends that Respondent's motion for summary judgment be granted and
Petitioner's motion for summary judgment be denied.

I.      Factual and Procedural Background

According to the facts presented by the solicitor during the guilty plea hearing,
Petitioner and four others planned a home robbery. [ECF No. 24-5 at 54–55]. Petitioner
entered the home armed with a nine millimeter pistol, along with two accomplices. *Id.* at
55. Petitioner fatally shot a victim, and Petitioner's accomplice shot a second victim. *Id.*

Petitioner and the two accomplices stole a pistol and money from the occupants of the house. *Id.*

Petitioner was indicted by the Anderson County grand jury in May 2003 for criminal conspiracy (2003-GS-04-1733), possession of a firearm during the commission of a violent crime (2003-GS-04-1734), murder (2003-GS-04-1735), armed robbery (2003-GS-04-1736; -1737), and assault and battery with intent to kill (2003-GS-04-1738). [ECF Nos. 24-5 at 137–45; 24-6 at 3–4]. Petitioner was represented by Robert Gamble, Esq., and on January 13, 2004, Petitioner pled guilty as charged before the Honorable J. Cordell Maddox, Jr., Circuit Court Judge. [ECF No. 24-5 at 48–66]. Judge Maddox sentenced Petitioner to 30 years. *Id.* at 66. Petitioner did not file a direct appeal. [ECF No. 1 at 2].

On or about July 14, 2004, Petitioner filed an application for post-conviction relief ("PCR") (2004-CP-04-2184), asserting claims of denial of the right of appeal, ineffective assistance of counsel, subject matter jurisdiction, and denial of the right to prove the elements of murder beyond a reasonable doubt. [ECF No. 24-5 at 73–89]. A PCR evidentiary hearing was held before the Honorable John C. Hayes, III, Circuit Court Judge, on November 15, 2007, at which Petitioner and his counsel, Rodney Richey, Esq., appeared. *Id.* at 96–120. On December 3, 2007, Judge Hayes filed an order finding Petitioner was not informed of the elements of the charges to which he pled. *Id.* at 128. The

PCR court vacated Petitioner's plea, voided his sentences, and granted Petitioner a new trial. *Id.* The PCR court denied relief on Petitioner's remaining allegations. *Id.* at 121–28.

The State filed a motion to alter or amend judgment pursuant to South Carolina Rules of Civil Procedure 59(e), which the PCR court denied on January 3, 2008. *Id.* at 129–36. The State timely appealed the grant of PCR and filed a petition for writ of certiorari in the South Carolina Supreme Court on or about May 23, 2008, raising the following issue:

> Did the PCR court err in finding that plea counsel was ineffective for failing to explain the elements of each charge against Respondent and the possible sentences that he was facing, which resulted in a plea that was not knowingly and voluntarily entered into.

*Id.* at 147. The State filed an amended petition for writ of certiorari on or about June 9, 2008. *Id.* at 153–60.   Petitioner did not file a cross-appeal. The case was transferred to the South Carolina Court of Appeals ("Court of Appeals") for disposition, which granted certiorari on December 18, 2009. *Id.* at 171. The State filed a brief on or about March 26, 2010, raising the following issue:

> Did the PCR court err in finding that the plea court failed to explain the elements of each charge against Respondent, thus finding that Respondent's plea was not knowingly and voluntarily entered into?

*Id.* at 175–82. On November 2, 2011, the Court of Appeals issued an unpublished opinion reversing the PCR court's grant of relief and remanding the matter to the PCR court for further proceedings. *Id.* at 194–96. On February 2, 2012, Judge Hayes filed an order on remand denying PCR. *Id.* at 197–203.

3

Petitioner appealed from the denial of PCR and was represented by Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No 24-1]. Attorney Carter filed a petition for writ of certiorari in the South Carolina Supreme Court on or about July 13, 2012, raising the following issue:

> The PCR judge erred by finding in the Order on Remand that petitioner did not establish his burden of proving that he was uninformed of the elements of all of the offenses to which he pled guilty and that no prejudice resulted in the case because no evidentiary basis existed in the entire record to support the PCR judge's findings.

*Id.* at 3. The case was transferred to the Court of Appeals for disposition and the court issued an order on September 25, 2014, denying certiorari. [ECF No. 24-3]. The remittitur was issued on October 13, 2014. [ECF No. 24-4].

Petitioner filed this federal petition for a writ of habeas corpus on October 28, 2014. [ECF No. 1-3 at 2].[1]

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following grounds in his petition:

---

[1] The petition was received by the court on October 31, 2014, and docketed on November 3, 2014. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on October 28, 2014. [ECF No. 1-3 at 2].

**Ground One:**    Due Process Violation – "Insufficient" plea colloquy between the court (plea) and the Petitioner.

Supporting Facts: 1. While originally starting off as a trial, the circumstances changed to a guilty plea, after strenuous urgings from defense counsel. 2. Judge quickly accepted the transition and entered into a plea colloquy between himself, defense counsels, and defendants. 3. During the colloquy between the Judge and the Petitioner, the court failed to ensure the "crime elements" and sentencing terms.

**Ground Two:**    Due Process Violation – Improper "Reversal on Remand." (PCR and S.C. Court of Appeals).

Supporting Facts: 1. After PCR relief, Petitioner became "Respondent" on certiorari. 2. South Carolina Supreme Court transferred case to S.C. Court of Appeals for Certiorari Review. 3. Court of Appeals (Remanded) Petitioner's case back to PCR, "after" revising the relief from "due process violation," to one of "I.A.C."! "All PCR relief," was then "retracted" by the PCR Court!

**Ground Three:**    Due Process Violation – Unknowing, Involuntary and Unintelligent guilty plea.

Supporting Facts: 1. Petitioner "not able" to "review discovery" until PCR presentation. 2. Petitioner was not "ensured" the understandings of the charges, elements, or sentencing guidelines, by either the plea court or defense counsel. 3. Petitioner testified "going through the formalities of the plea unknowingly and unintelligently" on the advice of counsel.

**Ground Four:**    Ineffective Assistance of Counsel – Involuntary and Unintelligent guilty plea.

Supporting Facts: 1. Defense counsel testified that "after" seating a jury for trial, he "begged and cajoled" Petitioner to plead guilty, stating that he (counsel) "did not know what to do." 2. Plea counsel failed to "properly investigate" circumstances and Brady materials. 3. Plea counsel never "provided or reviewed discovery" with (Pet.). 4. Counsel never explained the elements "nor proper sentencings."

[ECF No. 1 at 5–10].

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present

his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

9

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is

_____

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not

required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim

because of an earlier default in the state courts, the federal court honors that bar. As the

Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for

noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged

constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477

U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has

failed to comply with state procedural requirements and cannot make the required showing

of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v.

Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is

precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court. A federal court is

barred from considering the filed claim (absent a showing of cause and actual prejudice). In

such an instance, the exhaustion requirement is technically met and the rules of procedural

bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S.

722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*,

100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D.    Analysis

### 1.    Barred Claims

As an initial matter, Respondent argues Petitioner procedurally defaulted on the majority of his claims in Grounds Three and Four. The undersigned agrees. In Ground Three, Petitioner alleges his guilty plea was unknowing, involuntary, and unintelligent because he (1) was not able to review discovery, (2) was not "ensured" the understandings

of the charges, elements, or sentencing guidelines, by either the plea court or defense counsel, and (3) went "through the formalities of the plea unknowingly and unintelligently" on the advice of counsel. [ECF No. 1 at 8].   In Ground Four, Petitioner claims his counsel was ineffective, which resulted in an involuntary and unintelligent guilty plea because counsel (1) "begged and cajoled" Petitioner to plead guilty, (2) failed to "properly investigate" circumstances and Brady materials, (3) never "provided or reviewed discovery" with Petitioner, and (4) never explained the "elements" nor proper sentencings." *Id.* at 9–10. To the extent the claims in Grounds Three and Four were not raised in a direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review). As a result, the majority of these claims were not properly presented to the South Carolina appellate courts, which would find the claims procedurally-defaulted if Petitioner attempted to raise them now. Consequently, federal habeas review of Petitioner's claims in Grounds Three (1) and (3), and Four (1), (2), and (3) are barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

2.     Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Three (1) and (3), and Four (1), (2), and (3). In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate any cause for procedurally defaulting on these grounds. Petitioner had a guilty plea in which he raised no objection, had the opportunity for a direct appeal, a PCR hearing, and PCR appeals in which to raise these issues. However, he failed to raise them,

16

raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve the issues. To the extent Petitioner argues his PCR counsel was ineffective [ECF No. 27-2 at 26–48], this argument is insufficient to constitute cause for procedural default or undue prejudice from an alleged constitutional violation. Petitioner cannot "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012).

Having failed to establish "cause," the court does not reach whether Petitioner was prejudiced. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that in *Engle* [*v. Isaac*, 456 U.S. 107, 134 n.43 (1982)], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.'"); *see also Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998) (same).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass

through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* at 337. The court's review of the record does not support a showing of actual innocence.

The guilty plea colloquy reflects Petitioner did not object to the facts as recited by the solicitor in the Factual and Procedural Background section above. [ECF No. 24-5 at 54–55]. Accordingly, Petitioner cannot show actual innocence, and the procedural bar applies to Grounds Three (1) and (3), and Four (1), (2), and (3).

### 3.    Merits Review

#### a)    Grounds One, Three and Four

In Grounds One and Three (2), Petitioner alleges his due process rights were violated by the trial court's insufficient plea colloquy. [ECF No. 1 at 5, 8]. Petitioner argues the judge failed to explain the elements of the charges to Petitioner or confirm that Petitioner's counsel had done so. [ECF No. 27-2 at 17]. In Ground Four (4), Petitioner claims his counsel never explained the elements or proper sentencing. [ECF No. 1 at 10].

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard

18

that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102, *quoting Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

During the PCR hearing, Petitioner testified his plea was involuntary because he did not understand the mandatory minimum sentence required by his plea of guilty. [ECF No. 24-5 at 101]. Petitioner claimed his counsel informed him "his sentence would be 85 percent," and stated the "Court did not inform [him] of the mandatory minimum sentence carried by the murder charge." *Id.* at 109. Petitioner also testified he did not understand the crucial elements of the charge of murder when he pled guilty. *Id.* at 101. Petitioner alleged he pled guilty because counsel "begged and [cajoled him]. . . [and he] was ignorant of the law at the time [he] took counsel's advice." *Id.* at 101–102.

Counsel testified he explained to Petitioner the maximum, minimum sentences in his case. *Id.* at 115. Counsel stated:

> I can't tell you when I did, but I got it written on the outside of the file folder, and I do that as I tell them maximum, minimum. And for murder I have 30 to life; armed robbery 2 times is each 30; and ABWIK 20; and conspiracy 5.

*Id.* at 116. Counsel testified he did not think he discussed with Petitioner 85 percent versus day-for-day in serving a sentence for murder. *Id.* Counsel stated "what I have written over here, and where the murder says life I've got 30 serve and life serve. So that would indicate to me that I told him that it was day-for-day." *Id.* When asked if he explained the elements of each of the crimes to Petitioner, counsel testified he told Petitioner "what it meant, what the law means when it says armed robbery. That's taking another with force of a gun." *Id.* Counsel stated he did not put any pressure on Petitioner to plead guilty, but the fact that Petitioner was facing life without parole was pressure enough. *Id.* at 117–18. Counsel

testified "this was a maybe plea before Judge Maddox," and Petitioner's "only hope was Judge Maddox looking at his age and feeling some compassion toward him." *Id.* at 118.

On remand from the Court of Appeals, the PCR court was instructed to make a finding as to whether Petitioner understood the elements of the crimes he plead to, and if Petitioner did not understand the elements, whether he was prejudiced by his lack of understanding. *Id.* at 196. In rejecting Petitioner's claim that his guilty plea was involuntary and unknowing, the PCR court found that although Petitioner presented sufficient evidence to support his claim that he did not understand the elements of his murder charge *id.* at 199, Petitioner failed to establish he was prejudiced by this lack of understanding *id.* at 199–202. The PCR court found:

> Applicant pled to several offenses in addition to the charge of murder. The Court has found Applicant has not carried his burden of proof to establish trial counsel's error as to these other offenses. At the PCR hearing, Applicant testified. First, Applicant testified specifically that his plea was involuntary as he did not understand the "mandatory minimum sentence required by my plea of guilty." (PCR TR p. 6, LL 7-9). Applicant did not testify that he pled to the murder charge involuntarily due to his lack of understanding of the crime's elements, but rather based on the "mandatory minimum sentence" attached, according to Applicant, to the crime of murder. (PCR Transcript p. 6, LL 7-9); p. 11, LL 17-21; p. 14, LL 7-9; p. 14, LL 18-22; and p. 15, LL 3-6). Applicant testified he thought the murder sentence was a no parole (Applicant calls it "85 percent"). (PCR Transcript p. 14, LL 5-9).

> Applicant has not carried his burden of proof on his allegation that he was told by trial counsel that the charge of murder was, as he calls it, an 85 percent sentence. Trial counsel testified that he did not think he told Applicant he may be eligible for early release on the murder charge. Trial counsel testified that his notes indicated to him that he informed Applicant that the minimum penalty for murder was thirty (30) years "day for day." (PCR TR p. 21, LL 6-12). At his plea, Applicant was present when the Solicitor stated to the plea judge that murder carried "thirty to life." (Plea TR p. 50, 14-15). And when trial counsel noted to the plea judge that

21

"punishment is allowed at thirty." (Plea TR p. 61, LL 13-14).[5]

There is nothing in the record, save Applicant's testimony, that indicates Applicant was ever told that murder carried anything but a minimum day for day thirty years to life. Applicant has perhaps truncated this argument by virtue of his concession at oral argument that the record reflected a sufficient description of sentencing maximums and minimums. (Opinion Footnote 1). However, it is addressed in this Order as the Court finds that the sentencing issue is relevant to the issue of prejudice.

Finally, and telling, is Applicant's testimony that he pled guilty thinking that he could appeal his plea. (Plea TR 11, LL 24-25 through p. 12, L 4).

The undersigned has reviewed the entire record in this matter and based on same finds that Applicant has failed to carry his burden of proof and failed to establish that he is entitled to Post-Conviction Relief on any grounds. Specifically, he has failed to prove that, but for counsel not advising him as to the elements of murder, the result of the proceeding would have been different. Therefore, Applicant's Application for Post-Conviction Relief is dismissed with prejudice.

_____

[5] Applicant's co-defendant did not plead to murder. Co-Defendant's counsel as to co-defendant's sentence states "we all know this is eighty-five percent." (Trial TR p. 57, L 16).

*Id.* at 201–202.

In his motion for summary judgment, Petitioner cites to the PCR record and argues his pleas were not given voluntarily and intelligently because he was not informed of the required knowledge regarding the charges by the plea court or counsel. [ECF No. 27-2 at 17]. Petitioner alleges "the record is devoid of any mention or explanation by either the Trial Judge or Counsel regarding the elements of the offense(s) charged against Petitioner at the plea proceedings." *Id.*

The undersigned finds Petitioner has failed to show the PCR court unreasonably applied the mandates of *Strickland* or other United States Supreme Court precedent in

deciding his involuntary guilty plea and ineffective assistance of counsel claims. In light of the evidence presented during the PCR hearing, the undersigned finds support for the PCR court's findings that Petitioner failed to establish he was prejudiced by his lack of understanding of the elements of murder. Additionally, Petitioner has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination of these issues given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (finding the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Accordingly, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determinations of these issues. Petitioner has failed to show he is entitled to federal habeas corpus relief on Grounds One, Three (2), and Four (4), and the undersigned recommends that these grounds be denied and dismissed with prejudice.

b)      Ground Two

In Ground Two, Petitioner alleges his due process rights were violated when the Court of Appeals improperly reversed and remanded the PCR court's grant of relief. [ECF No. 1 at 6–7]. Petitioner's allegations concerning the Court of Appeal's improper reversal

are not cognizable on federal habeas review. The Fourth Circuit Court of Appeals has held that alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."). The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the Petitioner's collateral proceeding does not enter into the habeas calculations. 28 U.S.C. 2254(i); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (internal citations, quotation marks, and alteration omitted). Accordingly, the undersigned recommends that Petitioner's Ground Two be denied and dismissed with prejudice.

III.    Conclusion and Recommendation

    For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment [ECF No. 23] and deny Petitioner's motion for summary judgment [ECF No. 27].

IT IS SO RECOMMENDED.

November 5, 2015                           Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).