UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Martin, #299118,<br><br>                Petitioner,<br>vs.<br><br>Leroy Cartledge, Warden,<br><br>                Respondent. | Civil Action No.: 1:14-4278-BHH<br><br>**Opinion and Order** |

Petitioner, Marcus Martin, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Shiva Hodges, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Hodges recommends that Respondent's Motion for Summary Judgment be granted, Petitioner's Motion for Summary Judgment be denied, and Petitioner's § 2254 petition be dismissed. (ECF No. 29.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On November 5, 2015, the Magistrate Judge issued a Report; and on December 7, 2015, Petitioner filed his Objections. (ECF No. 34.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action.

The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Grounds Three (1) and (3), and Four (1–3) were procedurally defaulted and the Court agrees. In her thorough twenty-six page Report, the Magistrate Judge found that Petitioner had failed to show cause for his procedural default because he could not show that the claims were substantial and had

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

not demonstrated prejudice. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–21 (2012); *Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's thoughtful and comprehensive discussion of these claims and, therefore, is unable to review Grounds Three (1) and (3), and Four (1–3) under § 2254.

The Court further agrees with the Magistrate Judge's finding that Grounds One, Three (2), and Four (4) fail on their merits. These claims allege violations of Petitioner's due process rights due to the trial court's insufficient plea colloquy and ineffective assistance of counsel. (ECF No. 1 at 5, 8, 10.) The Magistrate Judge thoroughly discussed the state court's treatment of these claims and correctly concluded that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 29 at 18–23.)

Finally, the Court agrees with the Magistrate Judge's finding that Ground Two fails to state a cognizable § 2254 claim. Ground Two alleges Petitioner's due process rights were violated when the Court of Appeals improperly reversed and remanded the PCR court's grant of relief. (ECF No. 1 at 6–7.) As the Magistrate Judge correctly stated, "alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions." (ECF No. 29 at 24 (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.")).).

Petitioner's objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 23) is GRANTED, Petitioner's motion for summary judgment (ECF No. 27) is DENIED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**


                                                            /s/ Bruce Howe Hendricks
                                                            United States District Judge

January 26, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.